David A. Gebben, Attorney At Law
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Ph. (206) 357-8456
Fax (206) 357-8401

THE HONORABLE MARC L. BARRECA
Chapter 7
Hearing Location: 700 Stewart Street, Room 7106
Seattle, WA 98101
HEARING DATE/TIME: FEBRUARY 20, 2015, 9:30 A.M.
Response Date: February 13, 2015

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>SPEEDWARE MOTORSPORTS, LLC,<br><br><br><br><br><br>Debtor. | NO. 14-18989-MLB<br><br>TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO HIRE AN AUCTIONEER TO SELL THE DEBTOR'S INVENTORY, EQUIPMENT AND VEHICLES FREE AND CLEAR OF LIENS, AND TO REJECT THE DEBTOR'S LEASE AND TO ABANDON CERTAIN PERSONAL PROPERTY |

EDMUND J. WOOD, TRUSTEE, the Chapter 7 trustee herein, ("trustee"), by and through his legal counsel, David A. Gebben, Attorney At Law, hereby moves this Court, pursuant to 11 U.S.C. §§ 363, 365, 503, 506, 541, 554 and/or 724, and pursuant to Bankruptcy Rule(s) 2002, 6004, 6007 and/or 9013, for an order in the form of the *Proposed Order* which is attached hereto, and in support thereof the trustee states as follows:

BACKGROUND: Prior to the date of the debtor's Chapter 7 filing, the debtor operated a vehicle repair and restoration business at: 727, 729, 731, 753 Kirkland Ave., Kirkland, WA 98033. Some of the debtor's business equipment and other personal property assets remained on site at the debtor's former place of business at the time of the debtor's Chapter 7 filing. However, some other personal property

TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
TRUSTEE TO HIRE AN AUCTIONEER TO SELL THE
DEBTOR'S INVENTORY, EQUIPMENT AND VEHICLES, ETC.      -1-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 14-18989-MLB    Doc 14    Filed 01/23/15    Ent. 01/23/15 13:24:37    Pg. 1 of 6

assets and some vehicles which were held, of record, in the name of the debtor company (and some other vehicles which were not held, of record, in the name of the debtor company), were seized from the debtor's former place of business, prior to the date of filing, in connection with *Stewart v. Speedware Motorsports, LLC, et. al.*, King County Superior Court Case No. 13-2-31996-9 SEA ("the King County action"), and those vehicles and other personal property items were taken to: Western Van and Storage in Kent, Washington and/or to: How Adjustment in Bellevue, Washington.

At the time of the debtor's Chapter 7 filing, on 12-15-14, all of the debtor's legal and equitable interests in property automatically became property of the bankruptcy estate herein, and the automatic stay also went into effect at that time. See 11 U.S.C. §§ 362(a), 541(a). The trustee herein is the legal representative of the bankruptcy estate. 11 U.S.C. §323(a).

The debtor's Chapter 7 case was filed before any execution sale(s) were completed in connection with the King County action. So the plaintiff in that action filed a *Full Release Of The Writ of Execution Dated October 8, 2014* in the King County action on 12-17-14.

The debtor assigned a combined value of approximately $247,000 to the debtor's inventory, equipment, etc. on the debtor's *Chapter 7 Schedules*. The debtor listed HomeStreet Bank as the sole secured creditor with respect to those assets, on the debtor's *Schedule D*, and the debtor assigned a value of approximately $6,345 to the debt that was owed to HomeStreet Bank on *Schedule D*.

The trustee completed a UCC search of Wash. State Dept. of Licensing records on security interest(s) in the debtor's name, including any lapsed records, and that UCC search revealed one or more UCC lien(s) in favor of HomeStreet Bank, a lapsed lien in favor of De Lage Landen Financial Services, Inc. and several Notice(s) of Federal Tax Lien(s) in favor of the IRS.

At the time of filing, the debtor was a party to a lease agreement with Moss Bay Commerce Center with respect to the space at: 727, 729, 731, 753 Kirkland Ave., Kirkland, WA 98033, and that lease provided for the debtor to make monthly rental payments to the landlord in the base amount of $3,098 per month.

TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
TRUSTEE TO HIRE AN AUCTIONEER TO SELL THE
DEBTOR'S INVENTORY, EQUIPMENT AND VEHICLES, ETC.       -2-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 14-18989-MLB    Doc 14    Filed 01/23/15    Ent. 01/23/15 13:24:37    Pg. 2 of 6

PROPOSAL TO HIRE AN AUCTIONEER, ETC.: The trustee now proposes to hire James G. Murphy, Inc. ("Murphy") to complete an auction of the debtor's inventory, equipment, vehicles and other personal property asset(s) which are determined by the auctioneer to hold auction value for the bankruptcy estate herein, including all of the personal property items that were taken to Western Van and Storage in Kent, Washington prior to the commencement of this case, in connection with the King County action, and all of the vehicles that were not held, of record, in the name of the debtor company and were taken to How Adjustment in Bellevue, Washington prior to the commencement of this case, in connection with the King County action.

The trustee proposes to sell all of those personal property items, and vehicles, in "AS IS" condition, without any warranty, express or implied. The trustee also proposes to sell those personal property items, and vehicles, free and clear of all liens, encumbrances and other interests, pursuant to the provision(s) of 11 U.S.C. §363(f), provided that all liens, encumbrances and other interests shall attach to the proceeds that the trustee receives from his sale of those personal property items and those vehicles, so the validity and/or priority of those liens, etc., may be determined by the Bankruptcy Court at a later date.

With respect to the UCC lien of record, which is held by HomeStreet Bank, the trustee has reason to believe that such lien has a present value of approximately $6,345, and the trustee has reason to believe that the debtor's equipment, etc. has a present value far in excess of that amount. Consequently, the trustee proposes to pay the lien that is held by HomeStreet Bank from the net proceeds that the trustee receives from his sale of the debtor's equipment, etc., with a disbursement not to exceed the sum of $7,000 without further order of the Bankruptcy Court, provided that HomeStreet Bank files a Proof of Claim with the Bankruptcy Court and the trustee does not have any objection(s) to that claim.

With respect to the lapsed UCC lien in favor of De Lage Landen Financial Services, Inc., the trustee does *not* propose to make any payments on that lien from the sale proceeds because the trustee has reason believe such lien has lapsed. Thus, the trustee has reason to believe that such lien is no longer effective, and may be avoided by the trustee under 11 U.S.C. §544(a). So that lien is disputed and the trustee does not propose to pay that lien.

TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
TRUSTEE TO HIRE AN AUCTIONEER TO SELL THE
DEBTOR'S INVENTORY, EQUIPMENT AND VEHICLES, ETC.     -3-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 14-18989-MLB    Doc 14    Filed 01/23/15    Ent. 01/23/15 13:24:37    Pg. 3 of 6

With respect to the tax lien(s) of record that are held by the IRS, the trustee submits that those lien(s) will attach to the proceeds that the trustee receives from his sale of the debtor's inventory and equipment, etc., so the validity and priority of those lien(s) may be determined by the Bankruptcy Court at a later date. Under 11 U.S.C. §724(b), those tax lien(s) will be subordinated to the costs of administration herein, and to certain other priority claim(s) in this case, and the trustee submits that the allowed amount(s) of those priority expense(s) will need to be determined by the Bankruptcy Court at a later date.

With respect to the potential judgment lien that might be claimed by the plaintiff in the King County action, the trustee does *not* propose to make any payment(s) on that potential judgment lien, because the trustee has reason to believe that such lien, if any, was obtained on or about 11-5-14, which was less than 90 days prior to the date of the debtor's Chapter 7 filing. Thus, it appears that such lien, if any, may be avoided by the trustee as a preference, under 11 U.S.C. §547(b). In addition, it also appears that such lien has already been released.

The trustee's proposal to sell the debtor's inventory, equipment, vehicles and other personal property asset(s) is supported by: *In re Jolan, Inc*., 403 B.R. 866 (Bankr.W.D.Wash. 2009), which held that the trustee may sell personal property asset(s) free and clear of the interests(s) of junior lien creditor(s), pursuant to 11 U.S.C. §363(f)(5). See also *In re Bolden*, 327 B.R. 657 (Bankr.C.D.Cal. 2005), where the Bankruptcy Court in that case held that the trustee could sell the debtor's real property to provide benefit(s) to the estate and to the secured creditor(s) in that case.

The auction of the debtor's inventory and equipment, etc. will be scheduled to be held on: Wednesday, March 11, 2015 at 10:00 a.m., at James G. Murphy Co., 18226 68th Ave. NE, Kenmore, WA 98028 (ph. 425-486-1246), with an auction preview to be held at that location on the morning of the auction from 8:00 a.m. to 10:00 a.m. The auction of the debtor's vehicles will be scheduled for: Saturday, April 4, 2015 at 9:30 a.m., at James G. Murphy Co., 18226 68th Ave. NE, Kenmore, WA 98028 (ph. 425-486-1246), with a vehicle auction preview to take place on April 3, 2015.

The trustee proposes to pay a straight 10% sales commission to Murphy on the sale(s) of the vehicle(s). The trustee also proposes to pay a 10% sales commission to Murphy on the sale(s) of the

TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
TRUSTEE TO HIRE AN AUCTIONEER TO SELL THE
DEBTOR'S INVENTORY, EQUIPMENT AND VEHICLES, ETC.      -4-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 14-18989-MLB    Doc 14    Filed 01/23/15    Ent. 01/23/15 13:24:37    Pg. 4 of 6

inventory and equipment, etc., with the understanding that Murphy will also charge a 10% buyer's premium on those sale(s) at the time of the auction, and all of those commission(s) shall be paid to Murphy from the gross sale proceeds. The trustee also proposes to reimburse Murphy for the cost of transporting the vehicle(s) and debtor's inventory and equipment, etc. from the debtor's former place of business in Kirkland, Washington, and from Western Van and Storage in Kent, Washington, and from How Adjustment in Bellevue, Washington, to the Murphy location in Kenmore, Washington, where the auction will be held, with payment(s) from the gross sale proceeds which shall not to exceed a total of $3,500. The advertising and labor expenses for the auction will be covered by the buyer's premium commission which will be charged on the auction sale(s). The trustee also proposes to reimburse Murphy for any reasonable storage fee(s) that may be charged by Western Van and Storage in Kent, Washington and by How Adjustment in Bellevue, Washington to release the item(s) that are being held by those parties, provided that those storage fee(s) shall not exceed the sum of $1,500 for each location. The trustee also proposes to reimburse Slade Stewart for any reasonable storage fee(s) that he may have paid for at those location(s), as compensation for a lien claim or a cost of administration in this case, in an amount not to exceed $1,500, provided that Mr. Stewart files a Proof of Claim with the Bankruptcy Court and the trustee does not have any objection(s) to that claim.

PROPOSAL TO REJECT THE DEBTOR'S LEASE, ETC.: At the time of filing, the debtor was party to a lease agreement with Moss Bay Commerce Center at the debtor's former place of business. That lease provided for the debtor to make rental payments to the landlord in the base amount of $3,098 per month. Some of the debtor's equipment, etc. was stored at that space, post-filing, from 12-15-14 until on or about 2-15-15, when the trustee anticipates that all of the equipment, etc. at that location, which is determined by the auctioneer to hold auction value for the estate, will be removed from that space. Due to the estate's use of that space for that period of time, the trustee proposes to make a rental payment to the landlord equal to two months of the debtor's base rent of $3,098 per month, i.e. the sum of $6,196, from the proceeds that the trustee receives from his sale of the debtor's inventory and equipment, etc., pursuant to 11 U.S.C. §365(b)(3) and/or 11 U.S.C. §503(b)(1), provided that the landlord agrees to accept that

TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
TRUSTEE TO HIRE AN AUCTIONEER TO SELL THE
DEBTOR'S INVENTORY, EQUIPMENT AND VEHICLES, ETC.  -5-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

payment in full satisfaction of the landlord's administrative rent claim. The trustee also proposes to reject the debtor's lease of the aforementioned space, pursuant to 11 U.S.C. §365(d)(1), effective as of on or about 2-15-15, when the trustee expects to be finished with his use of that space.

PROPOSAL TO ABANDON CERTAIN PERSONAL PROPERTY: The trustee also proposes to abandon any personal property item(s), and any business record(s) of the debtor company, which are left behind at the debtor's former place of business as of 2-15-15, when the trustee expects to be finished with his use of that space, pursuant to 11 U.S.C. §554(a), as personal property item(s) which are burdensome to the bankruptcy estate herein and which have little or no value for the bankruptcy estate herein. The trustee also proposes to grant relief from the automatic stay, pursuant to 11 U.S.C. §362(d), to the landlord with respect to any personal property item(s), and any business record(s) of the debtor company, which are left behind at the debtor's former place of business, as of 2-15-15, when the trustee expects to be finished with his use of that space, so the landlord may proceed to use any remedies that are available to the landlord under state law to take possession of those personal property item(s) and to dispose of those item(s) in accordance with applicable law.

CONCLUSION: The above-described proposal(s) are core matter(s), under 28 U.S.C. §§157(b)(2)(A), (B) and/or (N), and those proposal(s) may be approved by the Bankruptcy Court, pursuant to 11 U.S.C. §§ 363, 365, 503, 506, 541, 554 and/or 724, and pursuant to Bankruptcy Rule(s) 2002, 6004, 6007 and/or 9013. To the best of the trustee's knowledge, Murphy is competent to perform the auction and has no conflict of interest in this case. The foregoing motion is further supported by the *Declaration Of David A. Gebben On Documents* dated 1-23-15, and by the *Declaration Of Robert L. Hensel Under Bankruptcy Rule 2014* dated 1-15-15. Wherefore, the trustee prays for entry of an order in this matter in the form of the *Proposed Order* which is attached hereto.

Dated this ___*23rd*___ day of January, 2015.

David A. Gebben, Attorney At Law

___*/S/ David A. Gebben*_____
By: David A. Gebben, WSBA #16290
Attorney for trustee

TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
TRUSTEE TO HIRE AN AUCTIONEER TO SELL THE
DEBTOR'S INVENTORY, EQUIPMENT AND VEHICLES, ETC.      -6-

**DAVID A. GEBBEN,
ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 14-18989-MLB    Doc 14    Filed 01/23/15    Ent. 01/23/15 13:24:37    Pg. 6 of 6